**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| DAQUANTAY ROBINSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 21-cv-1601-LKG |
| ) | |
| v. ) | Dated:  December 16, 2021 |
| ) | |
| PENNSYLVANIA NATIONAL ) | |
| MUTUAL CASUALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

In this breach of contract action, plaintiff, Daquantay Robinson, alleges that defendant, Pennsylvania National Mutual Casualty Insurance Company ("Penn National"), has materially breached a contract by failing to pay certain post-judgment interest due on a tort judgment awarded by the Circuit Court for Baltimore City (the "Tort Judgment"). *See* Compl. at ¶¶ 15-17, ECF No. 3.  Penn National has moved to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(6). *See generally* Def. Mot., ECF No. 4; Def. Mem., ECF No. 4-1.  Plaintiff has also moved to remand this matter to the Circuit Court for Baltimore City.  Pl. Mot, ECF No. 5.  In addition, Penn National has moved to strike portions of plaintiff's reply brief in support of his motion to remand.  *See* Def. Mot. to Strike, ECF No. 15.

No hearing is necessary to resolve these motions.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court:  (1) **DENIES** plaintiff's motion to remand; (2) **GRANTS** defendant's motion to dismiss; (3) **DENIES** defendant's motion to strike; and (4) **DISMISSES** the complaint.

## II.     FACTUAL BACKROUND AND PROCEDURAL HISTORY

### A.     Factual Background[1]

In this breach of contract action, plaintiff alleges that Penn National has materially breached a contract by failing to pay certain post-judgment interest due on a Tort Judgment awarded by the Circuit Court for Baltimore City. Compl. at ¶¶ 15-18.

Specifically, in Count I of the complaint, plaintiff alleges that Penn National breached a commercial general liability policy of insurance, by failing to pay certain post-judgment interest due on the entire amount of the Tort Judgment that plaintiff obtained against, among others, Elliot Dackman, an individual who is insured by Penn National. *Id.* at ¶¶ 1, 14-18. In Count II of the complaint, plaintiff seeks ancillary relief to help enforce a judgment that he alleges requires Penn National to pay post-judgment interest on the entire amount of the Tort Judgment. *Id.* at ¶¶ 19-23. And so, plaintiff seeks, among other things, to recover monetary damages from Penn National in the amount of $777,427. *Id*. at ¶¶ 16-23.

The Tort Judgment

As background, this matter arises from a lead paint personal injury case that plaintiff initiated in the Circuit Court for Baltimore City in 2014 (the "Tort Action"). Compl. at ¶ 1; *see also* Cir. Ct. for Balt. City, Case No. 24-C-12-006890. The defendants in the Tort Action included Elliot Dackman, who is insured by Penn National under a commercial general liability policy (the "Dackman Policy"). Compl. at ¶¶ 1-2; *see also* Compl. Ex 1.

It is undisputed that Elliot Dackman and plaintiff are citizens of Maryland. Compl. at 1; Compl. Ex. 1. It is also undisputed that Penn National is a Pennsylvania corporation with its principal place of business in Harrisburg, Pennsylvania. *See* Compl. at 1; Pet. for Removal at ¶ 4, ECF No. 1.

On September 19, 2014, plaintiff obtained the Tort Judgment in the amount of $2,088,330.00 against, among others, Elliot Dackman, individually and in his capacity as a

---

[1] The facts recited herein are derived from the complaint and are taken as true for purposes of resolving the pending motions.

2

trustee of several entities.  Compl. at ¶ 1.  The Maryland Court of Special Appeals subsequently affirmed the Tort Judgment on August 31, 2018.  *Id.* at ¶ 6.

<u>The Dackman Policy And The Coverage Action</u>

The Dackman Policy provides, in relevant part, that:

> [Penn National] will pay, with respect to any claim or "suit" we defend . . . [a]ll interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

Compl. Ex. 1 at E. 411.  Plaintiff is not a named insured, or included as an additional insured under the Dackman Policy.  *See generally id.*

On October 2, 2014, plaintiff initiated a declaratory judgment action against, among others, Penn National and Elliot Dackman in the Circuit Court for Baltimore City (the "Coverage Action").  Compl. at ¶ 3; *see also* Cir. Ct. for Balt. City, Case No. 24-C-14-005676.  The purpose of the Coverage Action was to determine the amount of the Tort Judgment that Penn National was obligated to pay under the Dackman Policy.  Compl. at ¶ 3.

It is undisputed that plaintiff's complaint in the Coverage Action did not seek to recover post-judgment interest on the entire amount of the Tort Judgment.  *See generally id*.  On October 5, 2016, the Circuit Court for Baltimore City determined that Penn National was liable for 12.04 percent of the Tort Judgment.  *Id.* at ¶ 5.  The Maryland Court of Special Appeals subsequently affirmed the circuit court's judgment on October 15, 2019.[2]  *Id.* at ¶ 6.

On August 5, 2020, Penn National remitted a check to plaintiff in the amount of $289,997.12.  *Id.* at ¶ 10.

### B.     Procedural History

On May 17, 2021, plaintiff initiated this action by filing a complaint in the Circuit Court for Baltimore City.  *See* Pet. for Removal Ex. A.  On June 29, 2021, Penn National filed a petition for removal.  *See* Pet. for Removal.

---

[2] The Maryland Court of Appeals subsequently denied plaintiff's writ of *certiorari* on March 27, 2020.  Compl. at ¶ 9.

3

On July 2, 2021, Penn National filed a motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6). *See* Def. Mot; Def. Mem. On July 8, 2021, plaintiff filed a response in opposition to Penn National's motion to dismiss and a motion to remand. *See* Pl. Mot.

On July 21, 2021, Penn National filed a reply in support of its motion to dismiss and a response in opposition to plaintiff's motion to remand. Def. Resp., ECF No. 11. On August 11, 2021, plaintiff filed a reply in support of his motion to remand. Pl. Reply, ECF No. 14.

On August 12, 2021, Penn National filed a motion to strike portions of plaintiff's reply brief. Def. Mot. to Strike. On August 18, 2021, plaintiff filed a response in opposition to Penn National's motion to strike. Pl. Resp., ECF No. 16.

These motions having been fully briefed, the Court resolves the pending motions.

## III.   LEGAL STANDARDS

### A.   Rule 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd.. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

### B.   Diversity Jurisdiction And Removal

It is well-established that federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S 375, 377 (1994). Specifically, district

4

courts possess jurisdiction over civil actions where the matter in controversy exceeds $75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, there must be "complete diversity," meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citation omitted).

Relevant to this case, under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). But, in any "direct action" against the insurer of a policy or contract of liability insurance, to which action the insured is not joined as a party-defendant, the insurer shall be deemed a citizen of the state of which the insured is a citizen, as well as of any state by which the insurer has been incorporated and where the insurer has its principal place of business. *Id.* § 1332(c)(1)(A).

This Court must remand any case in which it lacks subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also In Re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). The Court also has the discretion to remand a case to state court, even when it possesses subject-matter jurisdiction, if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *See* 28 U.S.C. § 1367(c). And so, remand is favored in cases turning primarily on questions of state law. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (recognizing that in a case where federal claims are eliminated before trial, "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

Lastly, a defendant may remove a case filed in state court to this Court on the basis of diversity of citizenship under 28 U.S.C. § 1441, if: (1) there is complete diversity between all

named plaintiffs and all named defendants and (2) no defendant is a citizen of the forum. *See* 28 U.S.C. § 1441(b). The United States Court of Appeals for the Fourth Circuit has held that complete diversity of citizenship must be established at the time of removal. *See Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (holding that a case must fall "within the 'original jurisdiction' of the federal court"). The Fourth Circuit has also held that a party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). And so, if the plaintiff later challenges removal in a motion to remand, the burden is on the defendant to demonstrate that removal jurisdiction is proper. *Id.* at 297; *see also Cunningham v. Twin City Fire Ins. Co.*, 669 F. Supp. 2d 624, 627 (D. Md. 2009).

### C. Maryland Statute Of Limitations

As a final matter, under Maryland law, a breach of contract action must be filed within three years of the date that the claim accrues. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101. The Fourth Circuit has recognized that this statute of limitations period begins to run from the date of the alleged breach. *See Curry v. Trustmark Ins. Co.*, 600 F. App'x 887, 882 (4th Cir. 2015) (citing *Jones v. Hyatt Ins. Agency, Inc.*, 741 A.2d 1099, 1104 (Md. 1999)).

## IV. ANALYSIS

Penn National has moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) for four reasons: (1) plaintiff lacks standing to bring his breach of contract claim; (2) plaintiff's breach of contract claim is untimely; (3) all of plaintiff's claims are prohibited due to claim splitting; and (4) plaintiff's claims are barred under the doctrine of res judicata. *See* Def. Mem. at 10-21. Plaintiff counters in his response in opposition that: (1) he has standing to bring his claims under Md. Code. Ann., Ins. § 19-102; (2) his breach of contract claim is timely, because this claim accrued on August 5, 2020, when Penn National paid a percentage of the Tort Judgment; (3) his claims are not barred as impermissible claim splitting; and (4) his claims are not precluded under the doctrine of res judicata. Pl. Mot. at 14-19. And so, plaintiff requests that the Court deny Penn National's motion to dismiss. *Id.* at 1.

In addition, plaintiff requests that the Court remand this case to the Circuit Court for Baltimore City, because Penn National is a resident of Maryland under 28 U.S.C. §

6

1332(c)(1)(A) and, therefore, there is not complete diversity of citizenship in this case. *Id.* at 3-7. Lastly, Penn National has moved to strike certain portions of plaintiff's reply brief upon the ground that plaintiff has improperly submitted a sur-reply without seeking leave of the Court. *See generally* Def. Mot. to Strike; *see also* L.R. 105.2 (D. Md. 2021).

For the reasons set forth below, the Court possesses subject matter jurisdiction to consider this matter, because the requirements for diversity jurisdiction have been met in this case. Plaintiff's breach of contract claim is, however, untimely under Maryland's three-year statute of limitations. The Court must also dismiss plaintiff's claim for ancillary relief, because plaintiff has not shown that there is a judgment against Penn National requiring the payment of post-judgment interest on the Tort Judgment. Lastly, for good cause shown, the Court grants plaintiff leave to file a sur-reply in further response to defendant's motion to dismiss. And so, for these reasons, the Court: (1) **DENIES** plaintiff's motion to remand; (2) **GRANTS** defendant's motion to dismiss; (3) **DENIES** defendant's motion to strike; and (4) **DISMISSES** the complaint.

### A.   A Remand Of This Matter Is Not Warranted

As an initial matter, remand of this matter to the Circuit Court for Baltimore City is not warranted, because diversity jurisdiction is complete in this case. 28 U.S.C. § 1332. It is well-established that federal courts are courts of limited jurisdiction, and that this Court must remand any case in which it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see In Re Blackwater Sec. Consulting*, LLC, 460 F.3d 576, 583 (4th Cir. 2006).

Penn National persuasively argues in its opposition to plaintiff's motion to remand that there is complete diversity in this case. In this regard, there is no dispute that plaintiff is a citizen of Maryland and that Penn National is a citizen of Pennsylvania, because it is headquartered in that state. Compl. at 1; Pet. for Removal at ¶ 4. It is also undisputed that the amount in controversy in this case exceeds $75,000. Compl. at ¶ 16. Given this, there is complete diversity in this case and the Court possesses subject-matter jurisdiction to consider plaintiff's claims. *See* 28 U.S.C. § 1332.

Plaintiff's argument that the Court should remand this case to the Circuit Court for Baltimore City, because it involves a "direct action" that is subject to Section 1332(c)(1)(A), is also unavailing. 28 U.S.C. § 1332(c)(1)(A) provides that:

> For the purposes of this section and section 1441 of this title[,] a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance*, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . *every State and foreign state of which the insured is a citizen*. . . .

28 U.S.C. § 1332 (c)(1)(A) (emphasis supplied). But, this Court has held that a case is not a "direct action," if the plaintiff "has sued the defendants for their independent tortious acts and not for any liability that could have been imposed on their insured." *Cunningham*, 669 F. Supp. 2d at 628.

Such circumstances are present here. In this case, plaintiff asserts a breach of contract claim against Penn National for the alleged breach of its contractual obligation to pay plaintiff certain post-judgment interest on the Tort Judgment. Compl. at ¶¶ 15-17. This is not a liability that could be imposed on Elliot Dackman. And so, plaintiff's breach of contract claim involves "an action by an injured third party"—plaintiff—against the insurer—Penn National. And so, the Court **DENIES** plaintiff's motion to remand. *Cunningham*, 669 F. Supp. 2d at 628.

### B.      Plaintiff's Breach Of Contract Claim Is Time-Barred

Turning to the merits of Penn National's motion to dismiss, Penn National persuasively argues that plaintiff's breach of contract claim seeking to recover post-judgment interest on the Tort Judgment is time-barred. Def. Mem. at 12-13. Under Maryland law, a breach of contract action must be filed within three years of the date that the claim accrues. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101. And so, the Fourth Circuit has recognized that this statute of limitations period begins to run from the date of the alleged breach. *See Curry*, 600 F. App'x at 882 (citing *Jones*, 741 A.2d at 1104).

In this case, there can be no genuine dispute that plaintiff's breach of contract claim accrued when the post-judgment interest on the Tort Judgment began to accrue. Compl. at ¶ 15. In this regard, plaintiff alleges in the complaint that Penn National materially breached the contract by failing to pay the post-judgment interest "from 9/19/14-8/5/20." *Id.* And so, to be timely, plaintiff's breach of contract claim must have been brought within three years of the date of Penn National's alleged breach—September 19, 2017. *See* Md. Code Ann., Cts. & Jud. Proc.

§ 5-101; *Curry*, 600 F. App'x at 882. Because plaintiff failed to do so here, his breach of contract claim in Count I of the complaint is time-barred.

Plaintiff's argument that this claim is timely, because the claim accrued on August 5, 2020, when Penn National paid a percentage of the Tort Judgment, is also unpersuasive. Pl. Mot. at 16-17. As discussed above, plaintiff acknowledges in the complaint that Penn National materially breached the contract by failing to pay the post-judgment interest from "9/19/14-8/5/20." Compl. at ¶ 15. And so, the complaint makes clear that plaintiff's breach of contract claim accrued on September 19, 2014.

Plaintiff's argument that this claim accrued on August 5, 2020, is also belied by the relevant terms of the Dackman Policy, which make clear that any obligation on the part of Penn National to pay post-judgment interest would have accrued before Penn National paid its percentage of the Tort Judgment. *See* Compl. at ¶ 17; Compl. Ex. 1 at E-411 (providing that Penn National will pay "[a]ll interest on the full amount of any judgment that accrues after entry of judgment and before [Penn National has] paid, offered to pay or deposited in the court the part of the judgment that is within the applicable limit of insurance"). Given this, the Court must dismiss Count I of the complaint.

Because the Court dismisses plaintiff's breach of contract claim as untimely, the Court does not reach the remaining issues related to Count I in Penn National's motion to dismiss.

As a final matter, the Court must also dismiss Count II of the complaint. In Count II, plaintiff seeks ancillary relief in aid of enforcement of a judgment against Penn National for post-judgment interest. Compl. at ¶¶ 19-23. But, plaintiff does not dispute that there is no judgment requiring Penn National to pay post-judgment interest on the Tort Judgment. *See generally* Compl. And so, the Court dismisses this claim.[3] Fed. R. Civ. P. 12(b)(6).

---

[3] As Penn National correctly observes, Md. Rule 2-651, which relates to the enforcement of judgments, requires that a judgment be entered or recorded. *See* Md. Rule 2-651; Def. Mem. at 19.

## V.  CONCLUSION

In sum, plaintiff has not demonstrated that this case is a "direct action" subject to the diversity exception under Section 1332(c)(1)(a).  And so, the Court declines to remand this matter to the Circuit Court for Baltimore City.

Plaintiff's breach of contract claim is also untimely under Maryland's three-year statute of limitations and it is undisputed that there is no judgment requiring Penn National to pay post-judgment interest on the Tort Judgment.  And so, for the foregoing reasons, the Court:

1. **DENIES** plaintiff's motion to remand;
2. **GRANTS** defendant's motion to dismiss;
3. **DENIES** defendant's motion to strike; and
4. **DISMISSES** the complaint.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge