**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| DAQUANTAY ROBINSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 21-cv-1601-LKG |
| ) | |
| v. ) | Dated:  March 3, 2025 |
| ) | |
| PENNSYLVANIA NATIONAL ) | |
| MUTUAL CASUALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

## I.    INTRODUCTION

In this civil action, the Plaintiff, Daquantay Robinson, alleges that the Defendant, Pennsylvania National Mutual Casualty Insurance Company ("Penn National"), materially breached a contract by failing to pay certain post-judgment interest due on a tort judgment (the "Tort Judgment") awarded by the Circuit Court for Baltimore City.  *See* ECF No. 3.  Penn National has filed a renewed motion to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(6).  ECF No. 57.  The Plaintiff has also moved for summary judgment in his favor, pursuant to Fed. R. Civ. P.  56.  ECF No. 46.  No hearing is necessary to resolve these motions.  *See* L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court: (1) **DENIES** the Defendant's motion to dismiss and (2) **DENIES** the Plaintiff's motion for summary judgment **WITHOUT PREJUDICE**.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A.    Factual Background

In this civil action, the Plaintiff alleges that Penn National has materially breached a

---

[1] The facts recited herein are derived from the complaint, renewed motion to dismiss, renewed opposition to the motion to dismiss, summary judgment and opposition to summary judgment are taken as true for purposes of resolving the pending motions. ECF Nos. 3, 11, 19, 25, 35, 36, 39, 46, 57, 57-1, 58, 61 and 62-2.

1

contract by failing to pay certain post-judgment interest due on a Tort Judgment awarded by the Circuit Court for Baltimore City. ECF No. 3 at ¶¶ 15-18. Relevant to the pending motions, the Plaintiff alleges in Count I of the complaint that Penn National breached a commercial general liability policy of insurance, by failing to pay certain post-judgment interest due on the entire amount of the Tort Judgment. *Id.* at ¶¶ 1 and 14-18. And so, the Plaintiff seeks, among other things, to recover $777, 427.00 in monetary damages from Penn National. *Id.* at ¶¶ 16-23.

### The Tort Judgment

As background, this matter arises from a lead paint personal injury case that the Plaintiff initiated in the Circuit Court for Baltimore City in 2014 (the "Tort Action"). ECF No. 3 at ¶ 1; *see also* Cir. Ct. for Balt. City, Case No. 24-C-12-006890. The defendants in the Tort Action included Elliot Dackman, who Penn National insures under a commercial general liability policy (the "Dackman Policy"). *Id.* at ¶¶ 1-2; *see also* ECF No. 3 at Ex 1.

On September 19, 2014, the Plaintiff obtained a Tort Judgment in the amount of $2,088,330.00 against, among others, Elliot Dackman, individually and in his capacity as a trustee of several entities. ECF No. 3 at ¶ 1-2. The Appellate Court of Maryland subsequently affirmed the Tort Judgment on August 31, 2018. *Id.* at ¶ 6.

### The Dackman Policy And The Coverage Action

Under the Dackman Policy, Penn National insured Elliot Dackman pursuant to a standard form commercial general liability policy. *Id.* at ¶ 2; ECF No. 3 at Ex. 1. The Dackman Policy provides, in relevant part, that:

> [Penn National] will pay, with respect to any claim or "suit" we defend . . . [a]ll interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

ECF No. 3 at Ex. 1, p. E. 411. The Plaintiff is not a named insured, or included as an additional insured under the Dackman Policy. *See generally id.*

On October 2, 2014, the Plaintiff initiated a declaratory judgment action against, among others, Penn National and Elliot Dackman in the Circuit Court for Baltimore City (the "Coverage Acton"). ECF No. 3 at ¶ 3; *see also* Cir. Ct. for Balt. City, Case No. 24-C-14-005676. The purpose of the Coverage Action was to determine the amount of the Tort Judgment that Penn National was obligated to pay under the Dackman Policy. *Id.*

It is undisputed that the Plaintiff's complaint in the Coverage Action did not seek to recover post-judgment interest on the entire amount of the Tort Judgment. *See generally id*. On October 5, 2016, the Circuit Court for Baltimore City determined that Penn National was liable for 12.04 percent of the Tort Judgment. *Id.* at ¶ 5. The Appellate Court of Maryland subsequently affirmed the circuit court's judgment on October 15, 2019.[2] *Id.* at ¶ 6. And so, on August 5, 2020, Penn National remitted a check to the Plaintiff in the amount of $289,997.12. *Id.* at ¶ 10.

The Present Case And The Fourth Circuit's Decision

On May 17, 2021, the Plaintiff initiated this civil action in the Circuit Court for Baltimore City, asserting, among other things, a breach of contract claim against Penn National. ECF No. 1. On June 29, 2021, Penn National removed the case to this Court. ECF No. 11.

After Penn National filed a motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), the Court issued a memorandum opinion and order that, among other things, dismissed the Plaintiff's breach of contract claim as untimely under Maryland's three-year statute of limitations on December 16, 2021. ECF No. 19. The Court, subsequently, allowed the parties to submit supplemental briefs on the issue of whether the Plaintiff's breach of contract claim was timely. ECF No. 25.

Following the supplemental briefing on this issue, the Court issued a memorandum opinion and order dismissing the complaint, upon the grounds that the Plaintiff's breach of contract claim was untimely. ECF No. 35. Thereafter, the Plaintiff filed a timely appeal of the Court's dismissal decision before the United States Court of Appeals for the Fourth Circuit. ECF No. 36.

On June 20, 2023, the Fourth Circuit issued a decision vacating the Court's dismissal decision and remanding the case to this Court for further proceedings. ECF No. 39. In the decision, the Fourth Circuit held that Penn National breached its alleged contractual duty to pay post-judgment interest in August 2020, when Penn National refused to pay post-judgment interest. *Robinson v. Pa. Nat'l Mut. Cas. Ins. Co.*, No. 23-1529, 2024 WL 3064727, at *3 (4th

---

[2] The Appellate Court of Maryland, previously name the Maryland Court of Special Appeals, subsequently denied plaintiff's writ of *certiorari* on March 27, 2020. ECF No. 3 at ¶ 9.

Cir. June 20, 2024). And so, the Fourth Circuit held that the Plaintiff's breach of contract claim was timely, because the Plaintiff filed the complaint in May 2021, which was well-within the applicable statute of limitations period. *Id.*; *see also* ECF No. 39.

### B. Relevant Procedural History

On May 17, 2021, the Plaintiff initiated this action by filing a complaint in the Circuit Court for Baltimore City. ECF No. 3. On June 29, 2021, Penn National remove the case to this Court. ECF No. 11.

On December 16, 2021, the Court issued a memorandum opinion and order that, among other things, dismissed the Plaintiff's breach of contract claim as untimely. ECF No. 19. Following the supplemental briefing on this issue, the Court issued a memorandum opinion and order dismissing the complaint, because the Plaintiff's breach of contract claim was untimely. ECF No. 35.

The Plaintiff filed a timely appeal. ECF No. 36. On June 20, 2023, the Fourth Circuit issued a decision vacating the Court's dismissal decision and remanding the case for further proceedings. ECF No. 39.

On July 16, 2024, the Plaintiff filed a motion for summary judgment. ECF No. 46. On October 31, 2024, the Defendant filed a renewed motion to dismiss and response in opposition to the Plaintiff's motion for summary judgment. ECF No. 57.

On November 5, 2024, the Plaintiff filed a response in opposition to the Defendant's renewed motion to dismiss and a reply brief. ECF No. 58. On December 18, 2024, the Defendant filed a reply brief. ECF No. 61.

These matters having been fully briefed, the Court resolves the pending motions.

## III.  LEGAL STANDARDS

### A.  Rule 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts

4

the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

      **B. Rule 56**

A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). And so, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 141 (4th Cir. 1979).

When ruling on a motion for summary judgment, the Court must construe the facts alleged in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co*., 773 F.2d 592, 595 (4th Cir. 1985). In this regard, the moving party bears the burden of showing that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Catawba Indian Tribe of S.C. v. State of S.C*., 978 F.2d 1334, 1339 (4th Cir. 1992). But, a party who bears the burden of proof on a particular claim must also factually support each element of his or her claim. *See Celotex Corp.*, 477 U.S. at 322-23. Given this, "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id.* at 323. And so, on those issues on which the nonmoving party will have the burden of proof, it is the nonmoving party's responsibility to confront the motion for summary

5

judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial.  *See Anderson*, 477 U.S. at 256.

In this regard, the United States Court of Appeals for the Fourth Circuit has held that, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment."  *Detrick v. Panalpina, Inc*., 108 F.3d 529, 536 (4th Cir. 1997).  And so, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

### C. *Res Judicata*

Under the doctrine of *res judicata*, or claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979); *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004).  For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.  *Nash Cnty. Bd. of Educ. v. Biltmore Co*., 640 F.2d 484, 486 (4th Cir. 1981).  "The test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment."  *Laurel Sands & Gravel v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008)(internal quotation marks omitted)(quoting *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999); *See also Restatement (Second) of Judgments § 24* (1982).

Relevant to the pending motions, Maryland law recognizes an exception to the *res judicata* doctrine for declaratory actions.  Notably, in *Bankers and Shippers Insur. Co. of N.Y. v. Electro Enterprises, Inc.*, 415 A.2d 278 (Md. 1980), the Maryland Supreme Court held that the preclusive effect of declaratory judgments is limited to matters actually declared by the judgment. *Bankers*, 415 A.2d at 285.  Given this, a litigant who solely sought a declaratory judgment in the prior proceeding is not precluded from bringing claims as to matters not declared in the declaratory judgment.  *Id.*

The Fourth Circuit has also held that "declaratory judgments have no limiting effect if coercive relief such as damages or an injunction is also sought."  *Laurel Sands*, 519 F.3d at 164.

6

And so, the declaratory judgment exception applies only if the prior action solely sought declaratory relief. *Id.*

### D. Claim-Splitting

"Like *res judicata*, claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action.'" *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 452 F.Supp. 2d 621, 626 (D. Md. 2006), *aff'd*, 273 F. App'x 256 (4th Cir. 2008). And so, "when a suit is pending in federal court, a plaintiff has no right to assert another action 'on the same subject in the same court, against the same defendant at the same time.'" *Id.* (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000)). In this regard, this Court has held that the rule against claim splitting acts to bar successive litigation if it: (1) "involves the same parties or their privies," and (2) "'arises out of the same transaction or series of transactions' as the first claim." *Sensormatic Sec. Corp.*, 452 F. Supp. 2d at 626. The Court's central inquiry when considering claim-splitting is whether the second suit raises issues that could and should have been brought in the first. *Lacy v. Nat'l R.R. Passenger Corp.*, CIV.A.No. RDB-14-179, 2014 WL 6967957, at *6 (D. Md. Dec. 8, 2014), *aff'd*, 600 F. App'x 127 (4th Cir. 2015). And so, the Court may stay the second suit, dismiss the suit, or consolidate the actions, if the rule against claim splitting applies. *Mason v. Montgomery Cnty.*, No. PWG-13-1077, 2015 WL 3891808, at *3 (D. Md. June 23, 2015).

### IV. ANALYSIS

Penn National has moved to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(6), upon the grounds that the Plaintiff's claim is precluded as improper claim splitting and also barred by the doctrine of *res judicata*. ECF No. 57-1 at 12-18. The Plaintiff counters that the Court should not dismiss this matter, because: (1) Penn National has waived the arguments in its renewed motion to dismiss and acted in bad faith; (2) his claim is not improper claim-splitting; and (3) his claim is also not bared by the doctrine of *res judicata*. ECF No. 58 at 6-16. And so, the Plaintiff requests that the Court deny Penn National's renewed motion to dismiss. *Id.* at 7.

In addition, the Plaintiff has moved for summary judgment on his claim pursuant to Fed. R. Civ. P. 56, upon the grounds that the undisputed material facts show that: (1) he is an intended beneficiary under the Penn National Policy; (2) his breach of contract claim accrued on or after August 5, 2020; (3) there is no genuine dispute about the amount of post-judgment interest owed by Penn National under the Dackman Policy; and (4) Penn National is obligated to pay him post-

7

judgment interest in the amount of $777,427.00. ECF Nos. 46 and 58 at 9. And so, the Plaintiff requests that the Court enter judgment summarily in his favor in the amount of $777,427.00 and award "bad faith fees under Rule 11." ECF No. 46 at 10.

Penn National counters that the Plaintiff is not entitled to summary judgment, because the complaint fails to state a claim, for the reasons stated in its renewed motion to dismiss, and that it has not acted in bad faith in this litigation. ECF No. 57-1 at 18-19. And so, Penn National requests that the Court deny the Plaintiff's motion for summary judgment. *Id.* at 19.

For the reasons that follow, a careful review of the litigation history for this case shows that Penn National has neither waived the arguments in its renewed motion to dismiss, nor acted in bad faith in this litigation. A careful reading of the complaint also shows that the Plaintiff's claim is neither precluded as improper claim-splitting, nor barred by the doctrine of *res judicata*. But, the Plaintiff has not met his burden to show that he is entitled to summary judgment. And so, the Court: (1) DENIES the Defendant's renewed motion to dismiss and (2) DENIES the Plaintiff's motion for summary judgment WITHOUT PREJUDICE.

A.     **Penn National Has Not Waived Its Arguments**

As an initial mater, the Plaintiff argues without persuasion that Penn National has waived the arguments set forth in its renewed motion to dismiss and acted in bad faith in this litigation. In his response in opposition to Penn National's renewed motion to dismiss, the Plaintiff argues that the Fourth Circuit's decision regarding the timeliness of his claim prohibits Penn National from raising additional arguments in support of dismissing this matter. ECF No. 46 at 4. But, a careful reading of the Fourth Circuit's decision makes clear that the court of appeal addresses solely the issue of when the applicable statute of limitations began to run on the Plaintiff's claim in this case. ECF No. 39. Notably, the Fourth Circuit held that Penn National breached its alleged contractual duty to pay post-judgment interest in August 2020, and as a result, the Plaintiff's breach of contract claim is timely because he filed the complaint in this action within the applicable statute of limitations period. *Id.*

The timeliness of the Plaintiff's breach of contract claims was also the sole issue addressed by this Court in the May 1, 2023, decision dismissing the complaint as untimely. ECF No. 35 (dismissing the complaint because, the Plaintiff's breach of contract claim was untimely); *see also* ECF No.19.

8

Given this, the Plaintiff has neither shown that Penn National had an obligation to raise the arguments in its renewed motion to dismiss during his appeal in this matter, nor that the Fourth Circuit's decision forecloses Penn National's arguments set forth in its renewed motion to dismiss. *See Toll Bros., Inc. v. Dryvit Sys., Inc.*, 432 F.3d 564, 572 (4th Cir. 2005) (A prevailing party may urge an appellate court "to affirm a judgment on any ground appearing in the record."). And so, the Court will consider the arguments raised in Penn National's renewed motion to dismiss.

### B. Penn National Has Not Shown That Plaintiff's Claim Is Claim Splitting Or Barred By The Doctrine Of *Res Judicata*

Turning to the merits of Penn National's renewed motion to dismiss, a careful reading of the complaint and the litigation history of this matter shows that the Plaintiff's breach of contract claim is not precluded as improper claim-splitting. This Court has held that the rule against claim splitting acts to bar successive litigation if it: (1) "involves the same parties or their privies," and (2) "'arises out of the same transaction or series of transactions' as the first claim." *Sensormatic Sec. Corp.*, 452 F. Supp. 2d at 626. And so, "when a suit is pending in federal court, a plaintiff has no right to assert another action 'on the same subject in the same court, against the same defendant at the same time.'" *Id.* (internal quotations marks omitted)(quoting *Curtis*, 226 F.3d at 138-39). Under such circumstances, the Court may stay the second suit, dismiss the suit, or consolidate the actions, if the rule against claim splitting applies. *Mason*, 2015 WL 3891808, at *3.

As Penn National correctly observes, this case involves the same parties as the parties to the Coverage Action, because the Plaintiff and Penn National were the parties to both cases. ECF No. 57-1 at 15. But the Court does not agree that improper claim splitting is present here, because the Plaintiff has not pursued other litigation related to Penn National's contractual obligations under the Dackman Policy while he has pursued this litigation. Notably the Coverage Action cited by Penn National concluded several years before the Plaintiff commenced this litigation in 2023. ECF No. 3 at ¶ 3 (alleging that the Plaintiff initiated the Coverage Action in 2014 and the Circuit Court of Baltimore City granted Penn National's motion for summary judgment in 2016). Given this, the Plaintiff has not engaged in improper claim splitting.

Penn National's argument that the Court should dismiss this matter, because the Plaintiff's claim is barred by the doctrine of *res judicata,* is also unconvincing. For the doctrine of *res judicata* to apply to the Plaintiff's claim, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Nash Cnty. Bd. of Educ.*, 640 F.2d at 486. As Penn National correctly observes, the requirements for *res judicata* appear to be met here, because: (1) there is no dispute that there is a final judgment on the merits in the Coverage Action; (2) the Coverage Action and this case involve the substantially the same issue of the nature of Penn National's contractual obligations under the Policy; and (3) the parties were also the parties in the Coverage Action. ECF No. 57-1 at 17.

But, the Plaintiff also correctly observes that there is an exception to the *res judicata* doctrine for declaratory actions. And so, a litigant who solely sought a declaratory judgment in a prior proceeding is not precluded from bringing claims as to matters not declared in the declaratory judgment. *Laurel Sands*, 519 F.3d at 164. That is the circumstances present here.

In this case, the Plaintiff's complaint in the Coverage Action makes clear that he only sought declaratory relief in that proceeding regarding Penn National's contractual obligation to pay the sums owed to him by the Dackmans. ECF No. 62-2 at 11 (seeking a declaration that Penn National is obligated under the Dackman Policy to pay all sums that the Dackmans are legally obligated today the Plaintiff). By comparison, in this case, the Plaintiff seeks the award of monetary damages for Penn National's alleged breach of its contractual obligation to pay post-judgment interest under the Dackman Policy. ECF No. 3. Given this, the *res judicata* doctrine does not bar the Plaintiff's claim, because the Coverage Action involved only a request for a declaratory judgment.

For the aforementioned reasons, the Court DENIES Penn National's renewed motion to dismiss.

### C. The Court Denies The Plaintiff's Motion For Summary Judgment

Having determined that the dismissal of the complaint is not warranted, the Court next considers whether the Plaintiff has met his burden to show that he is entitled to summary judgment on his breach of contract claim. To show that he is entitled to summary judgment, the Plaintiff must show that there exists no genuine issue as to any material fact and that he is

10

entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 250; *Celotex*, 477 U.S. at 322.

      Relevant here, Fed. R. Civ. P. 56(c) addresses the procedures for moving for summary judgment and this Rule provides, in relevant part, that:

> (c)(1) Supporting Factual Positions.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>     (A) citing to particular parts of materials in the record;
>
>     (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. . . .

In addition, Rule 56 provides that:

> (e) Failing to Properly Support or Address a Fact.  If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
>     (1) give an opportunity to properly support or address the fact;
>
>     (2) consider the fact undisputed for purposes of the motion;
>
>     (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>
>     (4) issue any other appropriate order.

Fed. R. Civ. P. 56(c)(1); *see also* Fed. R. Civ. P. 56(c)(1)(e)

      The Plaintiff has not sufficiently adhered to Rule 56's procedures to show that summary judgment is warranted in this case.  In his motion for summary judgment, the Plaintiff argues, among other things, that the undisputed material facts in this case show that: (1) he is an intended beneficiary under the Penn National Policy under *CX Reinsurance Co. Ltd. v. Johanson*, 282 A.2d 126 (Md. App. 2022); (2) his breach of contract claim accrued on or after August 5, 2020; (3) there is no genuine dispute about the amount of post-judgment interest owed by Penn National under the Policy; and (4) Penn National is obligated to pay him post-judgment interest in the amount of $777,427.00.  ECF Nos. 46 and 58 at 9.

      While, the Plaintiff recites the extensive litigation history of the Tort Judgment, the Coverage Action and this protracted litigation to support his motion, he failed to provide and cite to the undisputed material facts and evidence that supports his claim.  *See generally* ECF No. 46. Notably, the Plaintiff's summary judgment motion lacks citations to material fact in the record

11

and/or other evidence to support his arguments. *See generally id.* Also, absent from the Plaintiff's motion are the facts to show the nature of Penn National's contractual obligation under the Policy and to establish that Penn National breached that obligation by failing to pay post-judgment interest, as alleged in the complaint. The Plaintiff also has not provided a statement of undisputed material facts to demonstrate that there exists no genuine issue as to any material fact in this case. *Id.*

The Court also observes that these procedural concerns are not simply a matter of form over substance. Under Rule 56, a Plaintiff who bears the burden of proof must show that there exists no genuine issue as to *any* material fact and that he is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

Because the Plaintiff has not met his burden here, the Court must DENY the Plaintiff's motion for summary judgment. The Court will do so WITHOUT PREJUDICE to allow the Plaintiff to renew and file his motion for summary judgment consistent with the requirements of Rule 56. Fed. R. Civ. P. 56.

### V.   CONCLUSION

In sum, a careful review of the litigation history for this case shows that Penn National has neither waived the arguments in its renewed motion to dismiss, nor acted in bad faith in this litigation. A careful reading of the complaint also shows that the Plaintiff's claim is neither precluded as improperly claim-splitting, nor barred by the doctrine of *res judicata*. But, the Plaintiff has not shown that he is entitled to summary judgment in his favor. And so, the Court:

(1) **DENIES** the Defendant's renewed motion to dismiss; and

(2) **DENIES** the Plaintiff's motion for summary judgment **WITHOUT PREJUDICE**.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge